IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 06 C 848 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| PHIL CLINE and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Day brings suit against the City of Chicago ("the City") and Phil Cline, a Chicago Police Department ("CPD") superintendent, under 42 U.S.C. § 1983 and Illinois law. Day claims his constitutional rights were violated because the CPD failed to investigate his complaint alleging Chicago police officers enticed him to violate the law. The City moves to dismiss. For the reasons set forth below, the motion is granted, and the City is dismissed without prejudice.

### **BACKGROUND**

The facts are drawn from the complaint. The court accepts all well-pleaded allegations as true for purposes of the motion to dismiss. *See Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Michael Day apparently has a lengthy involvement with the CPD. Day alleges that members of the CPD "enticed" him to violate the law "[f]rom 1983 through the present." Compl. at ¶ 8. On March 26, 2004, Day filed a complaint with the CPD's Office of Professional Standards alleging his rights were violated as a result. *Id.* at ¶¶ 9, 14. In early 2005, he inquired about the status of the complaint. *Id.* at ¶ 10. A CPD employee told him no record of the complaint existed. *Id.* at ¶ 11. Day contends the CPD knew his constitutional rights were violated, but failed to

investigate the violations. *Id.* at ¶ 14. The CPD's actions caused him humiliation, mental anguish, and emotional distress. *Id.* at ¶ 15.

Day's complaint asserts four claims. Count I alleges defendants violated 42 U.S.C. § 1983 because they failed to investigate Day's March 26, 2004 complaint to the CPD's Office of Professional Standards. Count II alleges a conspiracy under § 1983. Day contends the CPD's failure to investigate was part of a plan to deprive him of his constitutional rights. Count III alleges intentional affliction of emotional distress under Illinois law based on defendants' "extreme and outrageous" behavior. Count IV alleges tort liability under 745 ILCS 10/9-102 against the City because Cline committed tortious acts in the scope of his employment as a CPD superintendent.

## ANALYSIS

### I. Motion to Dismiss Standards

A motion brought under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Cler*, 423 F.3d at 729. Dismissal is warranted only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citations and internal quotations omitted). A plaintiff need not plead particular legal theories or facts to state a claim; all that is required is "a short plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)); *see also* FED. R. CIV. P. 8(a)(2). The court must take a plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* A plaintiff pleads himself out of court if he alleges facts showing he has no claim. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994).

## II. Federal Claims Under 42 U.S.C. § 1983

### A. Section 1983 Standards

Section 1983 provides a cause of action for plaintiffs "'depriv[ed] of any rights, privileges, or immunities secured by the Constitution,' by persons acing under color of state law." *Eades v. Thompson*, 823 F.2d 1055, 1060 (7th Cir. 1987) (quoting 42 U.S.C. § 1983). To state a claim, a plaintiff must allege: (1) he was deprived of a right secured by the constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992). A conspiracy claim under § 1983 requires a plaintiff to allege "an agreement on the part of the defendants to deprive him of his rights and an actual deprivation of those rights." *Watt v. City of Highland Park*, No. 98 C 8123, 2001 WL 1090152, at *7 (N.D. Ill. Sept. 13, 2001) (Gottschall, J.) (citing *Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993)). "[M]ere conclusory allegations of a [§ 1983] conspiracy are insufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

Municipalities and other government entities are "persons" under § 1983; therefore, they are liable for constitutional violations. *Looper Maint. Serv. Inc., v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the municipality's policy must be the source of the violation. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). There are three ways a municipality's policy can violate an individual's constitutional rights: (1) an express policy; (2) a widespread practice that, although not authorized by written law, is so permanent and well settled it constitutes a custom or usage with the force of law; and (3) an allegation that the constitutional injury was caused by a person with final policy

making authority. *Id.; see also Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (superceded by statute on unrelated issue).

## B. Count I – Failure to Investigate

The City argues Day's failure to investigate claim must be dismissed because it does not allege the City was the direct cause of his constitutional injuries. Mot. at 3. The City contends Day predicates liability on a theory of *respondeat superior* for the actions of its employees. *Id.* According to the City, Day's theory is expressly barred by Supreme Court precedent. *Id.; see Monell*, 436 U.S. at 693.

The City's statement of the law is partially correct. *Monell* holds a municipality cannot be liable under § 1983 for an injury inflicted solely by its employees or agents. 436 U.S. at 693. However, the City is liable for harm caused by its employees if the harm is "part of a custom or policy." *Looper*, 197 F.3d at 912. Day can plead custom or policy by alleging his constitutional injury was caused by a person with final policy making authority. *See McTigue*, 60 F.3d at 382.

Although Fed. R. Civ. P. 8(a) does not require detailed factual pleadings, Day's allegations must give "some minimum description" of the City's complained-of conduct. *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Under *Monell*, Day must directly link the City to the factual cause of his injuries. *See McTigue*, 60 F.3d at 382. The complaint alleges generally that the "Chicago Police Department" failed to investigate Day's grievance. Compl. at ¶ 13; *see also id.* at ¶ 14 ("the Chicago Police Department had reason to know"). There are no allegations suggesting the City's customs or policies, as opposed to individual CPD employees, caused Day's harm. There are also no allegations asserting anyone with final policy making

4

authority caused Day's harm.[1] Indeed, the complaint provides no allegations whatsoever regarding custom or policy. The complaint omits facts "necessary to give the defendants a complete understanding of the claims made against them." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); see also *Looper*, 197 F.3d at 913 (7th Cir. 1999) (motion to dismiss granted when plaintiff "failed to allege that any named *individual* possessed final policymaking authority and that such an *individual* denied him a constitutional right within the meaning of 42 U.S.C. § 1983"); *McTigue*, 60 F.3d at 382-83 (granting motion to dismiss where plaintiff failed to allege factual basis supporting municipal policy or custom). Therefore, Count I must be dismissed.

### C. Count II – Conspiracy

The City contends the complaint fails to allege a conspiracy under § 1983. The City's position is that Day alleges a conspiratorial agreement solely between members of the CPD. Mot. at 4. According to the City, under the intra-corporate conspiracy doctrine, it cannot conspire with its own employees. *Id.*

The intra-corporate conspiracy doctrine precludes a conspiracy from existing solely between members of the same entity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). However, the City ignores the unresolved question of whether the doctrine applies to § 1983 actions involving police misconduct. *See Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 821 (N.D. Ill. 2006) (Moran, J.) (recognizing "conflict" of whether doctrine applies);

---

[1] Cline is alleged to be a superintendent, but there is no allegation he has final policy making authority for the City. Compl. at ¶ 6. There is also no allegation he personally caused Day's harm. In fact, the only mention of Cline after the parties' descriptions is in Count IV, which is brought to recover tort damages against the City. *Id.* at ¶ 27 ("[d]efendant Superintendent Phil Cline committed the acts alleged above in the scope of his employment"). The complaint is silent regarding what actions Cline took or how his actions impacted Day.

5

*McDorman v. Smith*, No. 05 C 0448, 2005 WL 1869683, at **5-6 (N.D. Ill. Aug. 2, 2005) (Gettleman, J.) (collecting cases). The Seventh Circuit has not spoken definitively on this subject. *See McDorman*, 2005 WL 1869683, at *5. Several judges in this district refuse to apply the doctrine in cases alleging police misconduct. *Id.* The reason is "the intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory." *Newsome v. James*, No. 96 C 7680, 2000 WL 528475, at *15 (N.D. Ill. Apr. 26, 2000) (Plunkett, J.) (reviewing history of doctrine and cases). Police misconduct does not "fit that mold." *Id. Newsome* is persuasive. Day complains of misdeeds by CPD employees and a conspiracy to deprive him of his constitutional rights. Compl. at ¶¶ 19, 20. "[C]onspiracy and cover-up are not the product of routine police department decision-making." *McDorman*, 2005 WL 1869683, at *6 (doctrine not applicable to case alleging falsification of accident report and cover-up); *see also Salto v. Mercado*, No. 96 C 7168, 1997 WL 222874, at *1 (N.D. Ill. Apr. 24, 1997) (Zagel, J.) (doctrine does not apply to "classic conspiracy situation" where a number of officers took concerted action to harm an individual). Therefore, the intra-corporate conspiracy doctrine does not bar Day's claim.

Count II fails for a more fundamental reason: its allegations are insufficient to state a cause of action for conspiracy. To state a claim, Day is required to plead there was an agreement by the defendants to deprive him of his rights. *See Watt*, 2001 WL 1090152, at *7. The only allegation that arguably pleads an agreement is paragraph 20, which states "[t]he Chicago Police Department's failure to investigate Plaintiff's complaint is part of a plan to deprive Plaintiff of his constitutional rights." Compl. at ¶ 20. That single conclusory allegation fails to indicate when the plan began, who joined the plan (aside from the CPD as a whole), or the role of any plan member. At best, the

complaint offers a "bare allegation of conspiracy." *Ryan*, 188 F.3d at 860. "[S]uch an allegation does not satisfy Rule 8," which "implies some minimum description of the defendant's complained-of conduct." *Id.* (conspiracy is an agreement; it requires allegations more detailed than defendant "conspired" with the other defendants); *see also Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002) (discussing *Ryan* favorably); *Fries*, 146 F.3d at 458 (affirming dismissal of § 1983 conspiracy because complaint failed to demonstrate existence of joint action, concerted effort, or general understanding between alleged conspirators). The complaint provides no information allowing the City to prepare its defense or the court to determine whether Day has a "tenable theory or basis of suit." *Ryan*, 188 F.3d at 860. Therefore, Count II must also be dismissed.

## III.    Illinois State Law Claims

The City argues Day's state law claims for intentional infliction of emotional distress and for damages under 745 ILCS 10/9-102 are barred by the Tort Immunity Act's one-year statute of limitations. Mot. at 4-5. The court need not address the City's argument. Day's state law claims are supplemental to his federal claims pursuant to 28 U.S.C. § 1367(a). The statute gives the court discretion to "decline to exercise supplemental jurisdiction over a claim . . . [if the court] dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The general rule is that when all federal claims are dismissed, the district court should relinquish jurisdiction over supplemental state law claims. *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1250-52 (7th Cir. 1994). Accordingly, the court declines to exercise supplemental jurisdiction over Day's state law tort claims.

## CONCLUSION

For the reasons set forth above, the City of Chicago's motion to dismiss is granted. Counts I and II are dismissed for failure to state a claim. The court declines to retain jurisdiction over the claims raised in Counts III and IV. The City is therefore dismissed from the case without prejudice.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 12, 2006